UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Shirla Clothilda Cupid

Case No. 13-11561-FJB

Chapter 13

Debtor(s)

### DEBTOR'S OBJECTION TO CLAIM

Debtor, Shirla Clothilda Cupid, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, objects to Proof of Claim No.13, filed by United Consumer Financial Services ("Claimant/Creditor") and assigns the following reasons:

1. On 3/23/13, Debtor(s) filed a petition under Chapter 13 of the Bankruptcy Code.

2. On 7/17/13, Claimant filed a Proof of Claim as a secured claim docketed as Claim No. 13.

3. Debtor scheduled Claimant's claim on Schedule 'F' in the amount of $1,491 and has listed this debt as disputed.

4. Debtor objects to the claim's secured status as the Creditor's claim is not supported by any written evidence of an enforceable security agreement.

5. Pursuant to Fed. R. Bankr. P. 3001(a) a proof of claim shall conform substantially to the appropriate Official Form. Paragraph 7 of the Instructions for the Proof of Claim form states in pertinent part: "Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest."

6. Debtor objects to the filing of said Claim on the basis that the Claimant asserts that it is an "assignee" of a third-party; however, no documentation is attached substantiating that the Claimant is the holder of the promissory note. Without adequate documentation, the Debtor cannot verify the accuracy of the Claim as to the claimant. See In re Melillo, 392 B.R. 1 (1st Cir. BAP 2008).

7. It is the creditor's burden to establish that it was properly assigned the debt owed by the debtor. Norfolk Fin. Corp. v. Mazard, 2009 Mass. App. Div. 255, 258-59; Kimhow v. Corp. v. Rawji, 2012 Mass. App. Div. 48, 49.

WHEREFORE, the Debtor requests:

*[stamp in left margin: 09/24/2013 SUSTAINED, with signature]*